**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEAU R. BRADLEY, DBA Bradley Livestock LC; WOOD'S THREE CREEK RANCHES, LTD.; CHARLES G. WOOD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> TOM VILSACK,** in his official capacity as Secretary of the United States Department of Agriculture; UNITED STATES DEPARTMENT OF AGRICULTURE; TOM TIDWELL, in his official capacity as Chief of the United States Forest Service; UNITED STATES FOREST SERVICE; DAVE MYERS, in his official capacity as Forest Supervisor of the Beaverhead-Deerlodge National Forest, <br><br> Defendants - Appellees. | No. 10-36141 <br><br> D.C. No. 2:08-cv-00085-RFC-(JCL) <br><br> MEMORANDUM* |

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**Tom Vilsack is substituted for his predecessor, Edward T. Shafer, as Secretary of the Department of Agriculture; Tom Tidwell is substituted for his predecessor, Abigail R. Kimbell, as Chief of the U.S. Forest Service; Dave Myers is substituted for his predecessor, Bruce Ramsey, as Forest Supervisor of the Beaverhead-Deerlodge National Forest. *See* Fed. R. App. P. 43(c)(2).

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted January 10, 2012
Seattle, Washington

Before: GRABER, FISHER and RAWLINSON, Circuit Judges.

Plaintiffs-Appellants Beau Bradley, Wood's Three Creeks Ranches, Ltd., and Charles G. Wood (collectively "Bradley"), filed suit against the United States to quiet title to an alleged easement to maintain and operate the Noble Lake Reservoir within the Beaverhead-Deerlodge National Forest. The district court granted summary judgment to the government on the ground that Bradley's claim was barred by the 12-year statute of limitations in the Quiet Title Act. *See* 28 U.S.C. § 2409a(g); *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005). We agree.

At a minimum, the 1973 and 1985 special use permits issued by the United States Forest Service to Bradley's predecessors in interest each gave notice of the government's adverse property interest in the very thing Bradley claims to own – an easement to maintain and use the Noble Lake Reservoir. The government reserved the right to terminate the permit, and thus forbid access, in the Forest Service's sole discretion; charged "rent"; and included an abandonment and

2

reversion provision, which required Bradley to remove the reservoir upon abandonment, termination or revocation of the permit. *See Skranak*, 425 F.3d at 1216-17 (government actions that deny easement's existence will trigger the Quiet Title Act's statute of limitations); *McFarland v. Norton*, 425 F.3d 724, 727 (9th Cir. 2005) (claim accrued when plaintiff knew or should have known that government claimed the right to deny plaintiff's "historic access").

AFFIRMED.